**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JON B. HAVRILESKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| PETRY HOME BUILDERS, LLC, | ) | |
| VULCAN BUILDING, LLC, | ) | 22 C 50265 |
| NEWARK HOMEBUILDERS, LLC, | ) | |
| ACADIA HOMES LLC, | ) | Hon. Iain D.  Johnston |
| SELENE HOMES, LLC, | ) | |
| JENNIFER JEFFERY, JOSHUA PETRY, | ) | Hon. Margaret J. Schneider |
| JEFFREY G. PETRY, JACOB PETRY, | ) | |
| JEFFREY G. PETRY, JOHN KNABLE, | ) | |
| PETRY TRUST #1989, | ) | |
| SANDALWOOD HOMES, LLC, and | ) | |
| WHITE OAK HOME BUILDERS, LLC, | ) | |

**ANSWER TO AMENDED COMPLAINT**
**AND AFFIRMATIVE DEFENSES**

NOW COMES Defendants Vulcan Building, LLC and its member managers, Jennifer Jeffery and Joshua Petry (collectively "Vulcan"), by their attorneys, Pretzel & Stouffer, Chartered, and for their Answer to Plaintiff Jon. B. Havrilesko's ("Plaintiff") Amended Complaint and their Affirmative Defenses, Defendants state as follows:

**Jurisdiction and Venue**

1. The Court has subject matter jurisdiction in this action pursuant to 28 USC §1331 and §1338(a) as this case arises under the U.S. Copyright Act, 17 USC § 101, et seq.

**ANSWER:    Vulcan only admits that the Plaintiff's Complaint purports to allege claims under U.S. Copyright Act, 17 USC § 101, et seq, and asserts jurisdiction under 28 USC §1331 and §1338(a). Vulcan denies any remaining factual allegations in this paragraph.**

1

2.     Venue is proper in this Court pursuant to 28 USC §1400(a) as the Defendants or their agents reside and/or may be found within this District.

**ANSWER:     Vulcan only admits that the Plaintiff's Complaint purports to allege venue under 28 USC §1400(a). Vulcan denies any remaining factual allegations in this paragraph.**

**Parties**

3.     Plaintiff, Jon B. Havrilesko, is an individual who engages in the business of creating, publishing, and licensing copyrighted architectural works. He is a resident of Winnebago County, Illinois.

**ANSWER:     Vulcan lacks specific knowledge sufficient to admit or deny the allegations and consequently makes no response to the allegations contained in this paragraph.**

4.     Defendant, Petry Home Builders, LLC is a for-profit Illinois limited liability company with its principal office located at 5382 Swanson Road, Roscoe, IL 61073 (the same address used by Vulcan Building LLC and White Oak Home Builders LLC). Petry Home Builders, LLC was in the business of marketing, development, construction, and sales of residential houses. Petry Home Builders, LLC is registered for service through its registered agent, Thomas J. Lester at 6735 Vistagreen Way, Ste 110 Rockford, IL 61107. Petry Home Builders, LLC formerly did business under the name, Byard Home Builders, LLC until July 17, 2017. Its officers and directors were defendants Jennifer Jefferey, Joshua Petry, Jeffrey Petry, and Jake Petry.

**ANSWER:     Vulcan admits the allegations in this paragraph, except for the fact that Petry Home Builders, LLC is no longer operating.**

5.     Defendant, Vulcan Building, LLC is a for-profit Illinois limited liability company with its principal office located in 5382 Swanson Road Roscoe, IL 61073 (the same address used

by Petry Home Builders LLC and White Oak Home Builders LLC). Vulcan Building, LLC was in the business of marketing, development, construction, and sales of residential houses. Vulcan Building is registered for service through its registered agent, Jennifer Jeffery at 5328 Swanson Road Roscoe, IL 61073. Its Manager is defendant Jennifer Jeffery.

**ANSWER:    Vulcan admits the allegations in this paragraph, except for the fact that Vulcan Building, LLC is no longer operating.**

6.    Defendant, Newark Homebuilders, LLC is a for-profit Illinois limited liability company with its principal office located in 14649 W. Beloit – Newark Rd Brodhead, WI 53520. Newark Homebuilders, LLC is in the business of marketing, development, construction, and sales of residential houses. Newark Homebuilders, LLC is registered for service through its registered agent, Robert C. Pottinger at 6833 Stalter Dr Rockford, IL, 61108. Its Manager is defendant Michael Haegele.

**ANSWER:    Vulcan lacks specific knowledge sufficient to admit or deny the allegations and consequently makes no response to the allegations contained in this paragraph.**

7.    Defendant, Acadia Homes LLC is a for-profit Illinois limited liability company with its principal office located at 12518 Battery Park Dr., Loves Park, Illinois, 61110. Acadia Homes LLC is in the business of marketing, development, construction, and sales of residential houses. Acadia Homes LLC is registered for service through its registered agent, John Knabe at 12518 Battery Park Dr., Loves Park, Illinois, 61110. Its Manager is defendant John Knabe.

**ANSWER:    Vulcan lacks specific knowledge sufficient to admit or deny the allegations and consequently makes no response to the allegations contained in this paragraph.**

8. Defendant, Selene Homes LLC is a for-profit Wisconsin limited liability company. On information and belief, its principal office is located at 10535 N. Oakway Ln., Edgerton, WI 53534. Selene Homes LLC is in the business of marketing, development, construction, and sales of residential houses. Selene Homes LLC is registered for service through its registered agent, Saoirse Homes LLC at 10535 N. Oakway Ln., Edgerton, WI 53534.

**ANSWER: Vulcan admits the allegations in this paragraph, except for the fact that Petry Home Builders, LLC is no longer operating.**

9. The Defendant, Jennifer Jeffery is an individual and owner, officer, director, manager, and/or other genre of principal of Petry Home Builders, LLC, Vulcan Building, LLC, and Selene Homes LLC, and may be served at 5328 Swanson Road Roscoe, IL 61073, or other such places she may be found.

**ANSWER: Vulcan admits that Jennifer Jeffery is an individual and owner, officer, director, manager, and/or other genre of principal of Petry Home Builders, LLC, Vulcan Building, LLC, and Selene Homes LLC. Vulcan denies the remaining allegations in this paragraph.**

10. The Defendant, Joshua Petry is an individual and owner, officer, director, manager, and/or other genre of principal of Petry Home Builders, LLC, Vulcan Building, LLC, and White Oak Home Builders, LLC, and may be served at 5328 Swanson Road Roscoe, IL 61073, or other such places he may be found.

**ANSWER: Vulcan admits that Joshua Petry is an individual and owner, officer, director, manager, and/or other genre of principal of Petry Home Builders, LLC, Vulcan Building, LLC, and White Oak Home Builders, LLC. Vulcan denies the remaining allegations in this paragraph.**

4

11. The Defendant, Jeffrey G. Petry is an individual and former owner, officer, director, manager, and/or other genre of principal of Petry Home Builders, LLC and may be served at 10905 Olson Road, Belvidere, Illinois 61008, or other such places as he may be found. He is also the Trustee and sole beneficiary of the Petry Trust # 1989.

**ANSWER: Vulcan admits that Jeffery G. Petry is an individual and owner, officer, director, manager, and/or other genre of principal of Petry Home Builders, LLC, and a trustee and beneficiary of Petry Trust #1989. Vulcan denies the remaining allegations in this paragraph.**

12. The Defendant, Jacob Petry is an individual and former owner, officer, director, manager, and/or other genre of principal of Petry Home Builders, LLC and may be served at 11211 Inverway, Belvidere, Illinois 61008, or other such places as he may be found.

**ANSWER: Vulcan admits that Jacob Petry is an individual and owner, officer, director, manager, and/or other genre of principal of Petry Home Builders, LLC. Vulcan denies the remaining allegations in this paragraph.**

13. The Defendant, Mike Haegele is an individual and owner, officer, director, manager, and/or other genre of principal of Newark Homebuilders, LLC and may be served at 14649 W. Beloit – Newark Rd Brodhead, WI 53520, or other such places as he may be found.

**ANSWER: Vulcan lacks specific knowledge sufficient to admit or deny the allegations and consequently makes no response to the allegations contained in this paragraph.**

14. The Defendant, John Knabe is an individual and owner, officer, director, manager, and/or other genre of principal of Acadia Homes, LLC and may be served at 14649 W. Beloit – Newark Rd Brodhead, WI 53520, or other such places as he may be found.

**ANSWER: Vulcan lacks specific knowledge sufficient to admit or deny the allegations and consequently makes no response to the allegations contained in this paragraph.**

15. Defendant, Petry Trust # 1989, is a Trust that has at all relevant times been a recipient of proceeds from the development, construction, and sale of homes, including homes built with its codefendants using home plans alleged to infringe Plaintiff's copyrights. Petry Trust 1989 is itself a member of Petry Home Builders, LLC f/k/a Byard Homebuilders, LLC. It may be served through its Trustee, Defendant Jeffery Petry at 10905 Olson Road, Belvidere, Illinois 61008.

**ANSWER: Vulcan lacks specific knowledge sufficient to admit or deny the allegations and consequently makes no response to the allegations contained in this paragraph.**

16. Defendant, Sandalwood Homes, LLC is an Illinois limited liability company with a principal place of business at 14649 W. Beloit – Newark Rd Brodhead, WI 53520 (the same address used by Defendant Newark Homebuilders, LLC). Sandalwood Homes, LLC was run by Defendants John Knabe and Mike Haegele until its dissolution in approximately 2021. Sandalwood Homes, LLC was in the business of marketing, development, construction, and sales of residential houses. It is registered for service through its registered agent, Arthur Kielty, 2902 McFarland Rd., Ste 400, Rockford, Ill. 61107.

**ANSWER: Vulcan lacks specific knowledge sufficient to admit or deny the allegations and consequently makes no response to the allegations contained in this paragraph.**

17. Defendant, White Oak Home Builders, LLC is a Wisconsin limited liability company with a principal place of business at 5382 Swanson Road, Roscoe, Illinois 61073 (the same address used by Defendants Vulcan Building, LLC and Petry Home Builders, LLC). White

Oak Home Builders, LLC is run by Defendant Joshua Petry, who is its sole owner and manager. White Oak Home Builders, LLC, is in the business of marketing, development, construction, and sales of residential houses. It is registered for service through its registered agent, JONATHAN W GROESSL, 1 PARKER PL, STE 715, JANESVILLE, WI 53545-4079.

**ANSWER: Vulcan admits the allegations in this paragraph, except for the allegations related to service.**

18. Defendants, their principal, and their agents engaged in the business of building homes and publishing, distributing, and advertising residential homes and home designs through traditional print media and on the internet on sites such as the MLS and Zillow.com.

**ANSWER: Vulcan admits that Petry Home Builders, LLC, Vulcan Building, LLC, Selene Homes, LLC and White Oak Home Builders, LLC were in the business of building homes, and in some limited instanced published, distributed, and advertised residential homes for sale through traditional print media and on the internet on sites such as the MLS and Zillow.com. Vulcan denies those allegations as to Jennifer Jeffery, Joshua Petry, Jacob Petry, and Jeff G. Petry. Vulcan lacks specific knowledge sufficient to admit or deny the remaining allegations and consequently makes no response to the allegations contained in this paragraph.**

### Facts

19. The United States Copyright Act defines an "Architectural Work" as:
..... *the design of a building* as embodied in any tangible medium of expression, *including a building, architectural plans, or drawings*. The work includes the overall form as well as the arrangement and composition of spaces and elements in the design but does not include individual standard features.
(Emphasis added).

7

**ANSWER: Vulcan admits the existence of the United States Copyright Act, but it denies the Act's applicability here. Vulcan denies the remaining allegation in this paragraph.**

20. Plaintiff created certain Architectural Works in the form of home plans, commonly referred to as "blueprints," for the construction of single-family houses.

**ANSWER: Vulcan denies the allegations that Plaintiff created the works at issue in this case and that Plaintiff created any Architectural Works that were copyrightable. Vulcan lacks specific knowledge sufficient to admit or deny the remaining allegations and consequently makes no response to the allegations contained in this paragraph.**

21. The Architectural Works at issue in this suit (the "Subject Plans") were created by Plaintiff as "works made for hire" in the course of his employment with Rebenok Design & Consulting LLC, an Illinois Limited Liability Company which Plaintiff founded and was the sole managing member and employee of.

**ANSWER: Vulcan denies the allegations in this paragraph.**

22. Rebenok Design & Consulting LLC has subsequently assigned all of its right, title, and interest in its plans (including, but not limited to, the Subject Plans) to Plaintiff, who is thereby the exclusive owner of the copyrights in those plans, and the exclusive owner of any causes of action for the violation of said copyrights.

**ANSWER: Vulcan denies the validity of any assignment as alleged in this paragraph and denies that Plaintiff is the exclusive owner of the copyrights in those plans and the exclusive owner of any causes of action for the violation of said copyrights. Vulcan lacks specific knowledge sufficient to admit or deny the remaining allegations and consequently makes no response to the allegations contained in this paragraph.**

23.     Rebenok Design & Consulting LLC occasionally granted limited, single build construction licenses for the Subject Plans, which authorized the licensee to use those plans to build a single home on a single lot.

**ANSWER:     Vulcan denies the allegations in this paragraph.**

24.     "JJP Development" was granted a single build construction license for each of the Subject Plans from Rebenok Design & Consulting LLC.

**ANSWER:     Vulcan denies the allegations in this paragraph.**

25.     On information and belief, "JJP Development" had principals or agents in common with Petry Home Builders, LLC, Vulcan Building, LLC, Selene Homes, LLC, White Oak Home Builders, LLC, and/or Petry Trust # 1989.

**ANSWER:     Vulcan admits the allegations in this paragraph**.

26.     Subject to the terms of the limited, single build construction licenses granted to JJP, the license holder was provided with copies of the Subject Plans, and allowed to use them to construct a single home on each lot identified in those plans.

**ANSWER:     Vulcan denies the allegations in this paragraph.**

27.     The Subject Plans included a disclaimer that reads:

> **"The use of all or any part of these copyrighted drawings is restricted to projects built by or for JJP Development on the lot specified on this sheet. Any other use is strictly prohibited."**
> (Ex. 1 & 2 hereto).

9

**ANSWER: Vulcan is unable to answer this paragraph as the exhibits and materials referenced are unreadable as to whether the alleged disclaimer exists or does not exist. In further answering, Vulcan denies that Plaintiff has any ownership interest in the Subject Plans or that the disclaimer is valid and enforceable. Vulcan denies any remaining allegations in this paragraph.**

28. Plaintiff is the sole original author of the Subject Plans and the sole owner of the rights in the Subject Plans, which include the 1978B, 1978C, 1978D, 1978E models, the 2149A, 2149B models, and the 1848A, 1848B, and 1848E models.

**ANSWER: Vulcan denies the allegations in this paragraph.**

29. **Exhibit 1** attached hereto is a true and correct copy of the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for Plaintiff's model "1978B."

**ANSWER: Vulcan only admits that the Plaintiff has included the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for a model "1978B" as an exhibit and denies any remaining factual allegations in this paragraph.**

30. **Exhibit 2** attached hereto is a true and correct copy of the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for Plaintiff's model "1978C."

**ANSWER: Vulcan only admits that the Plaintiff has included the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for the model "1978C" as an exhibit and denies any remaining factual allegations in this paragraph.**

31.    **Exhibit 3** attached hereto is a true and correct copy of the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for Plaintiff's model "1978D."

**ANSWER:    Vulcan only admits that the Plaintiff has included the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for the model "1978D" as an exhibit and denies any remaining factual allegations in this paragraph.**

32.    **Exhibit 4** attached hereto is a true and correct copy of the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for Plaintiff's model "1978E."

**ANSWER:    ANSWER:    Vulcan only admits that the Plaintiff has included the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for the model "1978E" as an exhibit and denies any remaining factual allegations in this paragraph.**

33.    **Exhibit 5** attached hereto is a true and correct copy of the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for Plaintiff's model "2149A."

**ANSWER:    Vulcan only admits that the Plaintiff has included the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for the model "2149A" as an exhibit and denies any remaining factual allegations in this paragraph.** .

11

34.    **Exhibit 6** attached hereto is a true and correct copy of the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for Plaintiff's model "2149B."

**ANSWER:    Vulcan only admits that the Plaintiff has included** the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for the model "2149B" **as an exhibit and denies any remaining factual allegations in this paragraph.**

35.    **Exhibit 7** attached hereto is a true and correct copy of the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for Plaintiff's model "1848A."

**ANSWER:    Vulcan only admits that the Plaintiff has included the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for the model "1848A" as an exhibit and denies any remaining factual allegations in this paragraph.**

36.    **Exhibit 8** attached hereto is a true and correct copy of the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for Plaintiff's model "1848B."

**ANSWER:    Vulcan only admits that the Plaintiff has included the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for the model "1848B" as an exhibit and denies any remaining factual allegations in this paragraph.**

37.    **Exhibit 9** attached hereto is a true and correct copy of the Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for Plaintiff's model "1848E."

**ANSWER: Vulcan only admits that the Plaintiff has included tthe Deposit Materials filed with, and the Registration Certificate issued by, the U.S. Copyright Office for the model "1848E" as an exhibit and denies any remaining factual allegations in this paragraph.**

38. Every version of the Subject Plans provided to JJP Development by Plaintiff and/or Rebenok Design & Consulting LLC prominently displayed copyright management information ("CMI"), ensuring that anyone who received said plans would understand that Rebenok Design & Consulting LLC owned all rights and title to the Subject Plans, and that any license granted was a one-time event for a single build at a discrete location reflected on the plan.

**ANSWER: Vulcan denies the allegations in this paragraph.**

39. In December, 2020, Plaintiff and Rebenok Design & Consulting LLC first became aware that the Defendants (other than White Oak Home Builders, LLC, Petry Trust #1989, and Sandalwood Homes, LLC) had violated the copyrights in the 1978 and 2149 plans by building unlicensed homes using those plans.

**ANSWER: Vulcan denies the allegations in this paragraph.**

40. More particularly, while driving through a subdivision in December 2020, Plaintiff saw homes that appeared to be virtually identical to the 1978 and 2149 plans he created while working with Rebenok Design & Consulting LLC. Shortly thereafter, he discovered that defendants (other than White Oak Home Builders, LLC, Petry Trust #1989, and Sandalwood Homes, LLC) had infringed the 1848 home plan as well. He subsequently discovered that all of the Defendants built homes using the Subject Plans or derivatives of them in a variety of locations,

and that the Petry Trust #1989 was involved in financing the construction of some of those homes and taking profit from the sale of some of those homes.

**ANSWER:** **Vulcan denies any copyright violation as alleged in this paragraph and denies that the Plaintiff maintains any copyright for the Subject Plans. Vulcan lacks specific knowledge sufficient to admit or deny the remaining allegations and consequently makes no response to the remaining allegations contained in this paragraph.**

41.     Upon investigating Defendants' unlicensed use of the subject plans, Plaintiff discovered that Defendants have advertised and built dozens of homes throughout Illinois and Wisconsin which were constructed using the Subject Plans or their unlawful derivatives and profited thereby.

**ANSWER:** **Vulcan denies any copyright violation as alleged in this paragraph and denies that the Plaintiff maintains any copyright for the Subject Plans. Vulcan lacks specific knowledge sufficient to admit or deny the remaining allegations and consequently makes no response to the remaining allegations contained in this paragraph.**

42.     On information and belief, Defendants' advertisement and promotion of unlawful derivatives of the Subject Plans caused the sale of dozens of these homes.

**ANSWER:** **Vulcan denies the allegations in this paragraph.**

43.     Neither Rebenok Design & Consulting LLC nor Plaintiff have ever issued Defendants any license to use the Subject Plans or build homes using them. Nor did JJP Development have any right to transfer or assign its limited construction licenses to any of the defendants.

**ANSWER: Vulcan denies the allegations in this paragraph and explicitly denies that Plaintiff and/or Rebenok Design & Consulting LLC maintained any copyright for the Subject Plans.**

44. As shown in the examples below, the floor plan and elevation drawings used for advertising purposes by defendants for the following architectural designs are virtually identical to the respective floor plan and elevation drawings in the Subject Plans: a. Plaintiff's model "1848A" – Defendants' "Glacier A"

Plaintiff's model "1848A"                                    Glacier A









Compare Plaintiff's 1848A plan (Ex 7) with homes advertised by one or more of the defendants (*e.g.* Ex 10-11).

b. Plaintiff's model "1848B" – Defendants' "Glacier B"

Plaintiff's model "1848B"                    Glacier B







16

Compare Plaintiff's 1848B plan (Ex 8) with homes advertised by one or more of the defendants (*e.g.* Ex 12-13).

### c. Plaintiff's model "1848E" – Defendants' "Glacier E"

Plaintiff's model "1848E"                    Glacier E

 

 

17

Compare Plaintiff's 1848E plan (Ex 9) with homes advertised by one or more of the defendants (*e.g.* Ex 14-15).

d. Plaintiff's model "1978B" – Defendants' "Yellowstone B"

Plaintiff's model "1978B"                    Yellowstone B







ompare Plaintiff's 1978B plan (Ex 1) with homes advertised by one or more of the defendants (*e.g.* Ex 16-17).

e. Plaintiff's model "1978C" – Defendants' "Yellowstone C"

Plaintiff's model "1978C"                    Yellowstone C







Compare Plaintiff's 1978C plan (Ex 2) with homes advertised by one or more of the defendants (*e.g.* Ex 18-19).

   f. Plaintiff's model "1978D" – Defendants' "Yellowstone D"

Plaintiff's model "1978D"      Yellowstone D

 

 

Compare Plaintiff's 1978D plan (Ex 3) with homes advertised by one or more of the defendants (*e.g.* Ex 19-21).

g. Plaintiff's model "1978D" – Defendants' "Jasper"

Plaintiff's model "1978D"                    Defendants' Jasper

 

 

Compare Plaintiff's 1978D plan (Ex 3) with homes advertised by one or more of the defendants (*e.g.* Ex 20).

h. Plaintiff's model "1978E" – Defendants' "Yellowstone E"

Plaintiff's model "1978E"                          Yellowstone E









Compare Plaintiff's 1978E plan (Ex 4) with homes advertised by one or more of the defendants (e.g., Ex 22-23).

      i.   Plaintiff's model "2149A" – Defendants' "Acadia A"

    Plaintiff's model "2149A"                Acadia A










Compare Plaintiff's 2149A plan (Ex 5) with homes advertised by one or more of the defendants (*e.g.* Ex 24-25).

      j.   Plaintiff's model "2149B" – Defendants' "Acadia B"

Plaintiff's model "2149B"           Acadia B











Compare Plaintiff's 2149B plan (Ex 6) with homes advertised by one or more of the defendants (*e.g.* Ex 26-28).

**ANSWER: Vulcan denies the allegations in this paragraph, including subparagraphs 44 (a) through (j).**

45. In fact, when deposed, Jeffrey Petry admitted that the Glacier, Yellowstone, Jasper, and Acadia plans are just renamed versions of Plaintiff's 1848, 1978 and 2149 plans.

**ANSWER: Vulcan admits that Jeffery Petry provided testimony, but Vulcan denies Plaintiff's characterization of that testimony. Vulcan denies the remaining allegations in this paragraph.**

46. When deposed, Jeffrey Petry also admitted that he shared Plaintiff's 1848, 1978 and 2149 plans with Jennifer Jeffery, Joshua Petry, Jacob Petry, Mike Haegele, and John Knabe and told them they were free to use them.

**ANSWER: Vulcan admits that Jeffery Petry provided testimony, but Vulcan denies Plaintiff's characterization of that testimony. Vulcan denies the remaining allegations in this paragraph.**

47. On information and belief, homes marketed by defendants resulted in the construction of homes that are virtually identical to those in plaintiff's copyrighted designs.

**ANSWER: Vulcan denies the allegations in this paragraph.**

48. On information and belief, with respect to the versions of the Subject Plans licensed to JJP Development by Rebenok Design & Consulting LLC, one or more of the Defendants removed copyright management information ("CMI") from those plans and removed the identification of the lot that the homes were originally to be built upon, and then used those modified, unlicensed plans to advertise and ultimately build homes at other locations.

**ANSWER:** **Vulcan denies the allegations in this paragraph.**

49.     Upon information and belief, all of the Entity Defendants were subject to common control, operating from many of the same principal places of business, sharing many of the same principals, developing residential subdivisions in Illinois and Wisconsin which are owned by one or more of the defendants, their principals, or their affiliates, and constructing and selling residential houses in the same residential subdivisions using the same advertisements and/or marketing materials directly copied or derived from Plaintiff's Copyrighted Works.

**ANSWER:** **Vulcan admits that Petry Home Builders, LLC, Vulcan Building, LLC, Selene Homes, LLC, White Oak Home Builders, LLC were subject to common control, operating from many of the same principal places of business, shared many of the same principals, developed residential subdivisions in Illinois and Wisconsin which were owned by one or more of the defendants, their principals, or their affiliates, and that they constructed and and sold residential houses in the same residential subdivisions using the same advertisements and/or marketing materials. Vulcan denies the remaining allegations as to Petry Home Builders, LLC, Vulcan Building, LLC, Selene Homes, LLC, White Oak Home Builders, LLC, Joshua Petry, Jeffery Petry, Jacob Petry, and Jennifer Jeffery. Vulcan lacks specific knowledge sufficient to admit or deny the remaining allegations and consequently makes no response to the remaining allegations contained in this paragraph.**

50.     On information and belief, all of the Defendants had access to Plaintiff's copyrighted plans, and used them or unlicensed derivatives of them in the course of creating their infringing copies.

**ANSWER:** **Vulcan denies the allegations in this paragraph.**

26

51.     In order to advertise and/or market their business, Defendants published infringing copies of Plaintiff's Copyright Works and/or derivatives of them on Defendants' and other third-party websites, such as MLS and Zillow.com, for the purposes of advertising, marketing, and/or promotion. Upon information and belief, Defendants also published infringing copies of Plaintiff's Copyright Works in print publications, including but not limited to plan flyers, signs, brochures, and/or other forms of print advertising.

**ANSWER:     Vulcan denies the allegations in this paragraph.**

52.     Additionally, upon information and belief, Defendants received revenue attributable to the online and/or print publication of infringing copies of Plaintiff's Copyrighted Works by developing, constructing, advertising, marketing, and/or selling one or more three-dimensional copies of these works (houses), and/or from the development of subdivisions where such revenue was realized through the sales of lots.

**ANSWER:     Vulcan denies the allegations in this paragraph.**

53.     Upon information and belief, Defendants have infringed Plaintiff's copyrights in the Subject Plans, and possibly in other Architectural Works. The scope and breadth of their infringing activities will be ascertained during the course of discovery.

**ANSWER:     Vulcan denies the allegations in this paragraph.**

54.     Upon information and belief, the Petry Trust and other entities controlled by Jeffrey Petry profited from the infringement by selling materials and lots to builders he shared derivatives of the Subject Plans with, and by sharing in the sales proceeds from infringing homes.

**ANSWER:     Vulcan denies the allegations in this paragraph.**

**Contributory and/or Vicarious Liability of the Individual Defendants**

27

55. Because the Individual Defendants are principals, owners, officers, and/or managers of the Entity Defendants, or otherwise had control of them, they had knowledge of Defendants' infringing activities, and/or materially contributed to the infringement by providing real estate development, management, appraisal, advertising, marketing, sales and/or other services in furtherance of the Entity Defendants' copying, distributing, marketing, construction, and/or sales of known infringing designs and houses.

**ANSWER: Vulcan denies the allegations in this paragraph.**.

56. The conduct of the Entity Defendants described above was performed and/or accomplished through the direction, control and conduct of the Individual Defendants personally, as owners, officers, directors, and/or managers of the Entity Defendants.

**ANSWER: Vulcan denies the allegations in this paragraph.**

57. The Individual Defendants had the right and ability to supervise the infringing activities, including but not limited to preventing the Entity Defendants from infringing Plaintiff's Copyright Works, and/or stopping the infringements once they began.

**ANSWER: Vulcan denies the allegations in this paragraph.**

58. Additionally, on information and belief, the Individual Defendants received direct financial benefit from the acts of infringement by the Entity Defendants.

**ANSWER: Vulcan denies the allegations in this paragraph.**

59. Accordingly, the Individual Defendants are personally liable to Plaintiff as joint and/or contributory infringers or are otherwise vicariously liable.

**ANSWER: Vulcan denies the allegations in this paragraph.**

60. The illicit acts of the Defendants, described above, were done without permission or license from Plaintiffs and in violation of Plaintiff's exclusive copyrights in said works.

**ANSWER:** Vulcan denies the allegations in this paragraph.

**Contributory and/or Vicarious Liability of the Petry Trust #1989**

61. The Petry Trust #1989 controlled one or more of the codefendants, had knowledge of Defendants' infringing activities, and materially contributed to the infringement by providing financing, real estate development, plans, materials, management, appraisal, advertising, marketing, sales, and/or other services in furtherance of the Defendants' copying, distributing, marketing, construction, and/or sales of infringing designs and houses.

**ANSWER:** Vulcan denies the allegations in this paragraph.

62. The conduct of the Defendants described above was performed and/or accomplished through the direction, control and conduct of the Petry Trust #1989, along with its Trustee and beneficiary Jeffrey Petry.

**ANSWER:** Vulcan denies the allegations in this paragraph.

63. The Petry Trust #1989 had the right and ability to supervise the infringing activities, including but not limited to preventing the Defendants from infringing Plaintiff's Copyright Works, and/or stopping the infringements once they began.

**ANSWER:** Vulcan denies the allegations in this paragraph.

64. Additionally, the Petry Trust #1989 received direct financial benefit from the acts of infringement by the Defendants.

**ANSWER:** Vulcan denies the allegations in this paragraph.

65.     Accordingly, the Petry Trust #1989 is liable to Plaintiff as joint and/or contributory infringer, or is otherwise vicariously liable.

**ANSWER:     Vulcan denies the allegations in this paragraph.**

66.     The illicit acts of the Defendants, described above, were done without permission or license from Plaintiffs and in violation of Plaintiff's exclusive copyrights in said works

**ANSWER:     Vulcan denies the allegations in this paragraph.**

**Causes of Action for Non-Willful Copyright Infringement**
**Count One**

67.     Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

**ANSWER:     Vulcan re-alleges and incorporates its responses to the above paragraphs as if fully set forth herein.**

68.     Defendants, without knowledge or intent, infringed Plaintiff's copyrights in one or more of Plaintiff's Works identified above, by modifying the original plans, selectively copying parts of the original plans, and/or reproducing unauthorized copies of Plaintiff's floor plan and elevation drawings, or derivatives thereof, in violation of 17 U.S.C. §106(1) and (2), and on information and belief, have otherwise infringed these and others of Plaintiff's works which are as yet undiscovered.

**ANSWER:     Vulcan denies the allegations in this paragraph.**

**Count Two**

69.     Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

**ANSWER:     Vulcan re-alleges and incorporates its responses to the above paragraphs as if fully set forth herein.**

30

70. Defendants, without knowledge or intent, infringed Plaintiff's copyrights in one or more of Plaintiff's Works identified above by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies of Plaintiff's floor plan and elevation drawings, or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have otherwise infringed these and others of Plaintiff's works which are as yet undiscovered.

**ANSWER: Vulcan denies the allegations in this paragraph.**

**Count Three**

71. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

**ANSWER: Vulcan re-alleges and incorporates its responses to the above paragraphs as if fully set forth herein.**

72. Defendants, without knowledge or intent, infringed Plaintiff's copyrights in one or more of Plaintiff's Works by building, advertising, marketing, and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and on information and belief, have done so with others of Plaintiff's Works which are as yet undiscovered.

**ANSWER: Vulcan denies the allegations in this paragraph.**

**Alternative Causes of Action for Willful Copyright Infringement**

**Count Four**

73. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

**ANSWER: Vulcan re-alleges and incorporates its responses to the above paragraphs as if fully set forth herein.**

74. Alternatively, Defendants willfully infringed Plaintiff's copyrights in one or more of Plaintiff's Works identified above by scanning, copying, and/or reproducing unauthorized copies of Plaintiff's floor plan and elevation drawings, or derivatives thereof, in violation of 17 U.S.C. §106(1) and (2), and on information and belief, have otherwise infringed these and others of Plaintiff's works which are as yet undiscovered.

**ANSWER:** **Vulcan denies the allegations in this paragraph.**

<strong>Count Five</strong>

75. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

**ANSWER:** **Vulcan re-alleges and incorporates its responses to the above paragraphs as if fully set forth herein.**

76. Alternatively, Defendants willfully infringed Plaintiff's copyrights in one or more of Plaintiff's Works identified above by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies of Plaintiff's floor plan and elevation drawings, or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have otherwise infringed these and others of Plaintiff's works which are as yet undiscovered.

**ANSWER:** **Vulcan denies the allegations in this paragraph.**

<strong>Count Six</strong>

77. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

**ANSWER:** **Vulcan re-alleges and incorporates its responses to the above paragraphs as if fully set forth herein.**

78.     Alternatively, Defendants, willfully infringed Plaintiff's copyrights in one or more of Plaintiff's Works by building, advertising, marketing, and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and on information and belief, have done so with others of Plaintiff's Works which are as yet undiscovered.

**ANSWER:     Vulcan denies the allegations in this paragraph.**

### Conclusion and Prayer

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint be dismissed with prejudice and that Defendants be awarded their attorneys' fees and costs.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Plaintiff is not the Owner of the Alleged Copyright Drawings)

1.     The alleged drawings are all derivatives of drawings developed and owned by Jeff Petry and his related entities.

2.     Jeff Petry and his related entities have been in the business of building tract housing residential developments. This includes the building of hundreds of homes in the decades prior to 2014 to the present.

3.     From May 4, 2012 to April 12, 2013, Plaintiff was an employee of Yrtep, LLC an entity owned by Jeff Petry. Starting in mid-April 2013, Plaintiff worked for many of the Defendants as an independent contractor.

4.     The drawings that Plaintiff alleges were copyrighted, are actually derivatives of drawings owned by Jeff Petry which were provided to Plaintiff to modify.

5.     Jeff Petry, through his related, entities paid Plaintiff for the modifications.

33

6. By way of example, attached hereto as Exhibit A is Petry's 1902 Plan dated July 18, 2007. The interior plan is essentially identical to the Glacier and Yellowstone plans that Plaintiff is asserting copyright on.

7. All of the drawings listed in Paragraphs 44(a) through (j) are owned by Jeff Petry.

**Second Affirmative Defense**
**(Statutory Damages)**

1. In the alternative, should the Court determine that any of the drawings attached to the Complaint are copyrighted, in paragraph D of the Prayer for Relief, Plaintiff asks for statutory damages in lieu of actual damages.

2. Plaintiff cannot claim Statutory Damages pursuant to 17 U.S.C. § 504(c) or attorneys' fees pursuant to 17 U.S.C. § 505 for any alleged acts of infringement occurring prior to the effective date of the alleged registration of the alleged registration of the alleged copyrights, or February 18, 2022. (17 U.S.C. §412).

**Third Affirmative Defense**
**(Plaintiff is Not Entitled to an Accounting)**

1. In Paragraph A of his Prayer for Relief, the Plaintiff requests an accounting by the Defendants.

2. The Copyright Act does not provide any mechanism for the Plaintiff to demand an "Accounting" from the Defendants.

**Fourth Affirmative Defense**
**(Claims Barred by the Statute of Limitations)**

1. In the event the Court finds that the Plaintiff has a copyright of any of the drawings identified in the Complaint, Plaintiff was aware when he was making the modifications to Petry's drawings that they were going to be used in tract housing development.

34

2. As a result, Plaintiff knew that each of the drawings that he was modifying would be used and were being used by multiple Defendants and in multiple developments. Plaintiff knew or reasonably should have known of what Plaintiff alleges to be infringing activities began in 2015.

3. As a result, Plaintiff is barred from recovering on any alleged infringing activity on or prior to three years of the date of filing the Complaint.

4. In the alternative, Plaintiff is barred statutorily from recovering any damages beyond the three-year look-back from the date the action is filed. *Sohm v. Scholastic Inc.*, 959 F3d, 39, 52 (Second Cir. 2020), *but see Starz Ent., LLC v. MGM Domestic Television Distribution, LLC* 39 F 4th 1236, 1246 (9th Cir. 2022).

**Fifth Affirmative Defense**
**(Implied Nonexclusive License)**

1. In the event the Court finds that Plaintiff has any copyright material, Plaintiff had conveyed a non-exclusive license to Defendants relating to the allegedly copyrighted materials.

2. At Defendants' request, the Plaintiff modified drawings used by the Defendants in prior developments.

3. Plaintiff did the modifications as directed and requested by Defendants and delivered that work to Defendants.

4. The Plaintiff was aware and intended that Defendants would copy and use the materials and drawings delivered in the connection with the construction of tract housing developments in North Dakota, Northern Illinois and Southern Wisconsin.

5. As a result, all Defendants had an Implied Nonexclusive License to use the drawings and site plans in their business.

35

## Sixth Affirmative Defense
### (Common Features)

1. The drawings which Plaintiff claims are copyrighted show nothing other than homes designed by common features and dictated by the functional concerns of building tract residential homes.

2. There is nothing in the drawings which are not found in thousands and thousands of houses across the US and therefore the drawings are not unique. The numbers on the drawings actually represent the square footage of the houses. For instance, an 1848-3C Model A is an indication that the square footage of the house is 1,848. It is the same for the numbers that are attached to all the drawings which are actually carryovers from the designs Jeff Petry owned and requested that Plaintiff modify.

3. As a result, the drawings are not unique and cannot be copyrighted.

## Seventh Affirmative Defense
### (Equitable Estoppel)

1. Plaintiff knew that the drawings he was paid to complete were going to be used in tract housing developments at all times, including at the date of the inception of the drawings.

2. Defendant had every right to believe that Plaintiff intended that all drawings that he completed on behalf of the Defendant entities would be used in tract housing developments and used on multiple occasions.

3. The Defendants were unaware that Plaintiff ever had any intention of asserting that the drawings he modified and worked on which he would be claiming a copyright on those materials.

4. The Defendants relied on Plaintiff's conduct to their detriment.

**Eighth Affirmative Defense**
**(License Agreement Exclusive Remedy)**

1. While the Defendants contend that Plaintiff did not and could not copyright the Subject Plans, Plaintiff testified that he provided Jeffery Petry with a license for the Subject Plans.

2. Plaintiffs' claims here fall within the purview of the license agreement he provided to Jeffery Petry.

3. Based on the existence of the licensing agreement, Plaintiff's only remedy is for breach of contract, and he does not have the ability to bring the copyright claims asserted in the amended complaint.

**Ninth Affirmative Defense**
**(Lack of Standing)**

1. Plaintiff claims to have received an assignment for the Subject Plans from Rebenok Design & Consulting LLC.

2. The evidence shows that Plaintiff provided no consideration to Rebenok Design & Consulting LLC for that assignment.

3. Based on that assignment's failure, Plaintiff maintains no alleged ownership interest in the Subject Plan.

4. Since Plaintiff has no ownership interest in the Subject Plans, Plaintiff does not have the requisite standing to assert copyright claims against the Defendants.

**Tenth Affirmative Defense**
**(Public Domain)**

1. Plaintiff claims to maintain a copyright for the Subject Plans.

37

2. The evidence shows that the public domain contained the Subject Plans or building plans that were substantially similar to the Subject Plans before Plaintiff allegedly copyrighted the Subject Plans.

3. For example, the Subject Plans or building plans that were substantially similar to the Subject Plans had been publicly filed in Rockford, Illinois, and Joliet, Illinois before Plaintiff allegedly created the Subject Plans.

4. Those previously filed plans have no copyright on them and are in the public domain.

5. As the Subject Pans are in the public domain, Plaintiff cannot maintain a copyright interest in the Subject Plans.

## Eleventh Affirmative Defense
### (Spoliation)

1. Plaintiff claims to have discovered the alleged copyright violation in 2020.

2. At the time he allegedly discovered the alleged copyright violation in 2020, Plaintiff had a duty to preserve evidence relevant to the copyright violation, including all documents related to the native files that the Plaintiff allegedly maintained a copyright to and the corporate documents whereby the Plaintiff purportedly obtained an assignment for the Subject Plans.

3. Contrary to his duty, Plaintiff failed to maintain documents relevant to his copyright claim, including but not limited to the native files and corporate documents related to the purported assignment.

4. Plaintiff's failure to maintain those documents has directly and proximately hindered and obstructed the Defendants' ability to defend themselves from the Plaintiff's claims.

5. Plaintiff's failure to maintain those documents has directly and proximately caused the Defendants' damages.

38

6. Based on the Plaintiff's spoliation of evidence, this Court should dismiss the Plaintiff's claims against Defendants.

### Twelfth Affirmative Defense
### (Invalidity of Copyright Registration under 17 U.S.C. § 411(b))

1. Plaintiff's copyright registrations for the Subject Plans are invalid because Plaintiff committed fraud on the U.S. Copyright Office in its copyright applications for the Subject Plans.

2. Jeff Petry and his related entities have been in the business of building tract housing residential developments for decades.

3. From May 4, 2012 to April 12, 2013, Plaintiff was an employee of Yrtep, LLC, an entity owned by Jeff Petry. Starting in mid-April 2013, Plaintiff worked for many of the Defendants as an independent contractor.

4. As part of Plaintiff's relationship with Defendants as an independent contractor, Plaintiff had access to drawings owned by Jeff Petry and his related entities (the "Pre-existing Drawings").

5. The Pre-existing Drawings include each of the drawings listed in Paragraphs 44(a) through (j) which are owned by Jeff Petry and were not created by Plaintiff.

6. Jeff Petry and his related entities provided the Pre-existing Drawings to Plaintiff for Plaintiff to modify. Jeff Petry through his related entities paid Plaintiff for the modifications.

7. In developing the Subject Plans, Plaintiff used the Pre-existing Drawings to create the Subject Plans as derivative works or incorporated pre-existing material from the Pre-existing Drawings into the Subject Plans. Therefore, the Subject Plans created by Plaintiff were adapted from the Pre-existing Drawings owned by Jeff Petry and his related entities.

8. By way of example, attached hereto as Exhibit A is Petry's 1902 Plan dated July 18, 2007. The interior plan is essentially identical to the Glacier and Yellowstone plans that Plaintiff is asserting copyright on.

9. On information and belief, the copyright applications filed by Plaintiff included instructions from the U.S. Copyright Office to identify and exclude any pre-existing material from the subject work of the copyright application, such as any previously published material or material owned by another party, and identify any new material added to such pre-existing material.

10. On information and belief, pursuant to the instructions of the U.S. Copyright Office, Plaintiff was required to disclose to the U.S. Copyright Office whether the Subject Plans in his copyright applications were derivative works or were based on or incorporated elements of any preexisting works.

11. Nevertheless, Plaintiff registered the Subject Plans with the U.S. Copyright Office in the name of Jon B. Havrilesko without providing the U.S. Copyright Office with the material information that the Subject Plans were derivative works of the Pre-existing Drawings, or that there Subject Plans were based on or incorporated material from the Pre-existing Drawings.

12. At the time that he submitted his copyright applications, Plaintiff knew that the Subject Plans were either derivative works of or incorporated material from the Pre-existing Drawings and had been adapted from that work, yet intentionally failed to disclose that information on his application.

13. In his copyright applications, Plaintiff knowingly, and with fraudulent intent, failed to disclose to the U.S. Copyright Office that the Subject Plans were derivative works of or incorporated pre-existing material from the Pre-existing Drawings.

14. Plaintiff's failure to disclose material information deprived the Copyright Office of the ability to make a fully informed decision about whether the Subject Plans Plaintiff sought to register were sufficiently original to deserve copyright protection.

15. On information and belief, if Plaintiff had informed the Copyright Office of the fact that the Subject Plans were based on the Pre-existing Drawings, it would have led to the rejection of Plaintiff's copyright applications.

16. Plaintiff's omission to the Copyright Office was material to his ability to acquire copyright registrations in the Subject Plans.

17. As a result of Plaintiff's actions, Plaintiff's copyright registrations in the Subject Plans are invalid under 17 U.S.C. § 411(b).

WHEREFORE, Defendants respectfully request that the Complaint be dismissed, and that Defendants be awarded their attorneys' fees and costs.

Respectfully submitted,

PRETZEL & STOUFFER, CHARTERED

By:     /s/ **Matthew Tibble**
          Matthew Tibble

Matthew F. Tibble (ARDC 6282175)
PRETZEL & STOUFFER, CHARTERED
200 South Wacker Drive
Suite 2600
Chicago, IL 60606
(312) 578-7445
mtibble@pretzel-stouffer.com
*(Counsel for Vulcan Building, LLC,*
*Jennifer Jeffery, and Joshua Petry)*

41