# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| Jon B. Havrilesko, | |
| *Plaintiff,* | Case No. 3:22-cv-50265 |
| *v.* | Honorable Michael F. Iasparro |
| Petry Home Builders LLC, et al, | |
| *Defendants.* | |

## ORDER

Defendants Vulcan Building, Jeffrey G. Petry, and Petry Home Builders have moved for issuance of a request to the Register of Copyrights pursuant to 17 U.S.C. § 411(b). Defendants allege that Havrilesko failed to disclose certain information, namely the derivative nature of his works, on his application to register the architectural works at issue in this case. The motion is granted.[1]

### Statement

While employed by Rebenok Design & Consulting LLC, Plaintiff created several architectural works including the 1978, 2149, and 1848 plans, along with derivatives of those plans (jointly "the Subject Plans"). Dkt. 164, ¶ 20-21, 28. After being assigned all rights, title, and interest in the Subject Plans, Plaintiff registered each of the plans with the Copyright Office in February 2022. *Id.* ¶ 22, 29-37. In December 2020, Plaintiff learned of Defendants' unlicensed use of the Subject Plans and their derivatives. *Id.* ¶ 39-40. Subsequently, Plaintiff filed the instant action alleging copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*

With only a few exceptions that are not relevant here, ownership of a valid copyright registration is a required element of a cause of action for copyright infringement. *Fourth Est. Pub. Benefit Co. v. Wall-Street.com, LLC*, 586 U.S. 296, 302-03, 139 S.Ct. 881 (2019) (quoting 17 U.S.C. § 411(a)). A certification of registration satisfies this prerequisite "regardless of whether the certificate contains any inaccurate information, unless (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(1). Here, Defendants have alleged that

---

[1] As explained further below, the decision of whether to issue a request to the Register does not require the Court to resolve any factual disputes nor will the Register's opinion be binding on the court. Accordingly, over Plaintiff's objections, the Court finds that this motion falls within this Court's authority to hear and rule on any nondispositive pretrial matters. *See* Fed. R. Civ. P. 72(a).

Plaintiff's applications for copyright registration of the Subject Plans contained such inaccurate information, thereby invalidating the copyright registrations. Dkt. 201, at 39-41.

Plaintiff represented to the Copyright Office, and has maintained throughout this litigation, that the Subject Plans were created "without reference to any other plans." Dkt. 226, at 3. Conversely, Defendants allege "that to the extent any portion of the Subject Plans were created by Plaintiff, the Subject Plans are derivatives of architectural works created, developed, and owned by Defendant Jeffrey G. Petry and related entities." Dkt. 217, at 3. If Defendants' allegation is true and the Subject Plans are in fact derivative works, Plaintiff was required to provide in his registration applications "an identification of any preexisting work or works that [the Subject Plans are] based on or incorporate[]." 17 U.S.C. § 409(9). Because no such identification was included in Plaintiff's applications, Plaintiff's registrations may be invalidated.

However, "no court [may] hold[] that a certificate is invalid due to what it considers to be a [material] misstatement on an application without first obtaining the input of the Register." *DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 623 (7th Cir. 2013) (quoting Resp. of the Register of Copyrights at 10-11, *Olem Shoe Corp. v. Wash. Shoe Co.*, No. 1:09-cv-23494 (S.D. Fla. Oct. 14, 2010), Dkt. 209 [hereinafter *Olem Response*]). The Copyright Act requires that when an allegation is made that a copyright application included inaccurate information with knowledge of its inaccuracy, "the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(2).

Courts addressing the topic have been somewhat unclear about the threshold of proof that is necessary before a request must be made to the Register. The statute itself suggests that a mere allegation is all that is required and some courts have sought the Register's opinion with nothing more. *See, e.g., Olem Shoe Corp. v. Washington Shoe Co.*, No. 09-23494-CIV, 2010 WL 3505100, at *3 (S.D. Fla. 2010) ("[T]he Court's duty is triggered where 'information described under paragraph (1) is *alleged*.'" (quoting 17 U.S.C. § 411(b)(2)). Conversely, the Register has explained that "the court retains the power to delay the request until a factual record has been developed" as "the statute says nothing about the timing of the request." *Olem Response*, at 11. The Register further explained that "if a court concludes that the bare allegations are unsupported by any facts, the court would be free to refrain from issuing requests to the Register." *Id.*

When this statutory mandate was first analyzed by the Seventh Circuit, it "strongly caution[ed] both courts and litigants to be wary of this device" and recognized its "potential for abuse." *DeliverMed*, 734 F.3d at 625. Even so, the Seventh Circuit confirmed that "a court still *must* request a response from the Register before coming to a conclusion as to the materiality of a particular misrepresentation." *Id.* at 624 (emphasis added). Thus, the Court does not agree with Plaintiff's assertion that the Seventh Circuit has imposed a "high standard" on parties seeking the input of the Register. Dkt. 226, at 2-3. Rather, in line with the Register's guidance, the Seventh Circuit simply provided an opportunity for courts to demand more than "a bare, unsubstantiated allegation" of knowingly inaccurate information before complying with the § 411(b) mandate. *HealtheState, LLC v. U.S.*, 160 Fed. Cl. 91, 95 (2022); *see also Deliver Med*, 734 F.3d at 625 ("[C]ourts *can* demand that the party seeking invalidation first establish that the other preconditions to invalidity are satisfied before obtaining the Register's advice on materiality." (emphasis added)); *Olem Response*, at 12 ("[B]efore asking the Register whether she would have

refused to register a copyright . . . a court should feel free to determine whether there is in fact a misstatement of fact.").

Here, Defendants have sufficiently supported their allegation by pointing to Plaintiff's ability to access the server that held the preexisting plans on which Plaintiff allegedly based the Subject Plans. Dkt. 217, at 11-12. Defendants have also pointed to a list of allegedly infringing builds produced by Plaintiff which initially included several homes that were built before the Subject Plans were created. *Id.* at 11. At his deposition, Plaintiff conceded that homes built before the Subject Plans were created could not support a claim for copyright infringement. *Id.* Moreover, Defendants have proffered some evidence that each family of the Subject Plans were created by a person or persons associated with the Defendants and were provided to Plaintiff and Rebenok to make simple modifications.[2] *Id.* at 3, 11-12. All of this is sufficient to "provide some basis for [Defendants'] allegation" that the Subject Plans were in fact derivative works. *HealtheState*, 160 Fed. Cl. at 96. If the Subject Plans are derivative works, it would seem unlikely that Plaintiff, the creator of the Subject Plans who had access to the preexisting plans from which the Subject Plans were allegedly derived, did not know that they were derivative in nature. Accordingly, the Court finds that Defendants have adequately supported their allegation that Plaintiff knowingly provided inaccurate information on his application to warrant a request for an advisory opinion from the Register.[3]

The Court is unconvinced by Plaintiff's assertion that the Register's opinion would provide nothing more than "the unremarkable declaration that it would not register a copyright it [k]new lacked originality." Dkt. 226, at 3. Although Defendants have alleged that "Plaintiff did not create or own the Subject Plans," they have alternatively argued "that to the extent any portion of the Subject Plans were created by Plaintiff, the Subject Plans are derivative works." Dkt. 217, at 3. While copyright protection is solely afforded to "*original* works of authorship," this extends to "the material contributed by the author" of derivative works. 17 U.S.C. § 102(a) (emphasis added); 103(b). Thus, under Defendants' derivative works theory of the case, the Register may still find that the copyright registration is valid as to the material created by Plaintiff. Moreover, no matter how obvious the Register's conclusion may seem to Plaintiff, the Register still has a "right to weigh in on" the question of materiality. *DeliverMed*, 734 F.3d at 624.

Plaintiff's arguments that the factfinder's role would be "usurped" by the Register or that the Register's opinion may dispose of the case entirely are similarly unpersuasive. Dkt. 226, at 7-10. As Plaintiff himself explains, "the Register has no authority to make factual findings" and the fact issues will still need to be resolved irrespective of whether the Court seeks an advisory opinion from the Register or what the Register decides in that opinion. *Id.* at 7, 9; *see also HealtheState*, 160 Fed. Cl. at 95 ("The movant's burden to *prove* its factual allegations does not arise until the merits stage of the proceeding." (emphasis in original)). The Register's opinion

---

[2] Defendants also assert that this allegation of inaccuracy is supported by Plaintiff's failure to preserve the Subject Plans in CAD format, but the Court does not find this point persuasive at this juncture.

[3] Plaintiff argues that there is some question about who authored the preexisting plans. Dkt. 226, at 4-6. However, the authorship of the preexisting plans has no bearing on the validity of Plaintiff's copyright registrations. An application for copyright registration of a derivative work must include "identification of *any* preexisting work or works that it is based on or incorporates," not just those preexisting works for which the author is known and undisputed. 17 U.S.C. § 409(9) (emphasis added).

will simply advise the court of the impact of Defendants' factual allegation if it is found to be true. Additionally, the court will still need to make its own decision about the materiality of the alleged inaccuracy as the court will not be bound by the Register's conclusion. *See* 17 U.S.C. § 411(b)(2) (mandating that the court request the Register "to *advise* the court" on the issue of materiality (emphasis added)).  Thus, the Register's advisory opinion will not infringe on the role of the factfinder or the court. Rather, it will facilitate the just, speedy, and inexpensive determination of this 2022 case. *See* Fed. R. Civ. P. 1.

As a final matter, the Court will return to the Seventh Circuit's warning that this statute may improperly be used "as a delay tactic." *DeliverMed*, 734 F.3d at 625. Defendants have not moved to stay the proceedings but have indicated their interest in proceeding with resolving the factual disputes while awaiting a response from the Register. Dkt. 228, at 7.  Conversely, as Plaintiff has framed his argument, he would have the Court wait to refer this case to the Register until the issues of fact are resolved, which would then effectively put the case on hold until the Register issues its opinion. Dkt. 226, at 9. This is precisely the sort of delay that the Seventh Circuit, and this Court, would like to avoid.

### Proposed Questions for the Register

The Court now turns to the question or questions to be presented to the Register in seeking its advisory opinion. Defendants have provided two proposed questions:

1. With regard to each of Registration Nos. VA 2-292-723, VA 2-292-721, VA 2-292-045, VA 2-292-042, VA 2-292-704, VA 2-292-694, VA 2-292-478, VA 2-292-469, VA 2-292-910, VA 2-292-909, VA 2-293-016, VA 2-293-012, VA 2-292-915, VA 2-292-307, VA 2-292-409, VA 2-292-475, VA 2-293-023, and VA 2-293-020, whether registration would have been refused had the Copyright Office known that Plaintiff omitted the fact that the applied-for works were based on and derived from Defendants' Pre-Existing Plans as explained in the attached motion paper.
2. With regard to each of Registration Nos. VA 2-292-723, VA 2-292-721, VA 2-292-045, VA 2-292-042, VA 2-292-704, VA 2-292-694, VA 2-292-478, VA 2-292-469, VA 2-292-910, VA 2-292-909, VA 2-293-016, VA 2-293-012, VA 2-292-915, VA 2-292-307, VA 2-292-409, VA 2-292-475, VA 2-293-023, and VA 2-293-020, whether registration would have been refused had the Copyright Office known that Plaintiff omitted the fact that the applied-for works incorporated pre-existing materials from Defendants' Pre-Existing Plans as explained in the attached motion paper.[4]

The Court finds several issues with the proposed questions. First, the questions are substantially similar and only vary in describing that Subject Plans "were based on and derived from Defendants' Pre-Existing Plans" or "incorporated pre-existing materials from Defendants'

---

[4] Defendants' second proposed question refers to *Plaintiff's* Pre-Existing Plans, but the Court assumes that this was in error as Defendants do not mention any preexisting plans owned or created by Plaintiff at any other point in the briefing. If the Court's assumption is incorrect, Defendants have an opportunity to provide more clarity in the parties' agreed proposed questions.

Pre-Existing Plans." It is unclear how this wording provides any meaningful distinction that would warrant posing both questions to the Register. In fact, the Copyright Act requires identification of preexisting works that the derivative work "is based on *or* incorporates," so it seems exclusion of either type would constitute an inaccuracy. 17 U.S.C. § 409(9) (emphasis added).

Additionally, as explained above, a work that is based on or incorporates preexisting works may still be afforded copyright protection for "the material contributed by the author of such work, as distinguished from the preexisting material employed in the work." 17 U.S.C. § 103(b). Thus, even assuming the Register finds the Subject Plans' alleged derivative nature to be material, the Court may need to seek further input from the Register to determine whether the Subject Plans "contain[] new creative authorship with a sufficient amount of original expression that was not a 'merely trivial' variation on the preexisting" plans to warrant registration. Resp. of the Register of Copyrights at 13, *Hayden v. 2K Games, Inc., et al*, No. 1:17-cv-02635-CAB (N.D. Ohio Aug. 21, 2023), Dkt. 231-1 [hereinafter *Hayden Response*] (quoting *Alfred Bell & Co. v. Catalda Fine Arts*, 191 F.2d 99, 103 (2nd Cir. 1951)).

Lastly, the Court has concerns about submitting questions to the Register which refer to and vaguely reference "the attached motion paper" as the basis for any point of comparison between the Subject Plans and the Pre-Existing Plans. The Court is of the view that any question or questions submitted to the Register must more definitely frame the Subject Plan(s) and the Pre-Existing Plan(s) which the Register is being asked to analyze and compare. This may necessitate breaking down Defendants' proposed questions into multiple questions so that the Register has a specific understanding as to which Subject Plan(s) allegedly correlate to which Pre-Existing Plan(s).

With these issues in mind, by 1/30/2026, the parties shall confer and submit agreed proposed questions, as well as any necessary supporting materials, for referral to the Register. The Court notes that input from the Register will provide meaningful guidance only if the questions proposed assume (without conceding) the truthfulness of Defendants' allegation that Plaintiff's applications contained known inaccuracies. *See, e.g., Hayden Response*, at 1 (explaining that the Register is opining on the materiality of "certain *alleged* inaccuracies" (emphasis added)). Thus, the agreed proposed questions should be drafted with that in mind.

### Conclusion

The Court finds that Defendants have sufficiently alleged an inaccuracy described in 17 U.S.C. § 411(b)(1) and the Court must seek the advice of the Register of Copyrights as to the materiality of that inaccuracy. Therefore, Defendants' motion for the issuance of a request to the Register of Copyrights pursuant to 17 U.S.C. § 411(b) is granted. By 1/30/2026, the parties shall confer and submit agreed proposed questions, as well as any necessary supporting material, for referral to the Register.

Entered: January 7, 2026          By: _____

                                                Michael F. Iasparro
                                                United States Magistrate Judge